IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH ROBERTSON, *

    Plaintiff, *

v. * Civil Action No. GLR-17-326

SHERRAY MILLER, *

    Defendant. *

## MEMORANDUM OPINION AND O R D E R

Plaintiff has filed a Complaint challenging the enforcement of tax liens, accompanied by a Motion for Preliminary Injunction and Motion for Leave to Proceed in Forma Pauperis. (ECF Nos. 1, 2, 4). For the reasons that follow, the Motions will be denied.

The purpose of a temporary restraining order ("TRO") or a preliminary injunction is to "protect the status quo and to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 525 (4th Cir. 2003). A preliminary injunction is distinguished from a TRO only by the difference in notice to the nonmoving party and by the duration of the injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (comparing Fed. R. Civ. P. 65(a) with Fed. R. Civ. P. 65(b)). The substantive standards for granting a TRO or a preliminary injunction are identical. Moore v. Kempthorne, 464 F.Supp.2d 519, 525 (E.D.Va. 2006). To obtain a TRO or a preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20

(2008). Because a preliminary injunction is "an extraordinary remedy" it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Having reviewed Robertson's Complaint, Motion for Preliminary Injunction, and exhibits attached to the Motion, the Court concludes that Robertson fails to show that he is likely to succeed on the merits or to suffer irreparable harm in the absence of preliminary relief. Accordingly, the Court will deny Robertson's Motion for Preliminary Injunction.

Robertson has also filed a court-ordered Motion for Leave to Proceed in Forma Pauperis. (ECF No. 4.). In his application to proceed without prepaying fees or costs, Plaintiff claims that he is currently employed, earning a monthly income of $4,640. (Id.). The application further reveals that Plaintiff is responsible for the care and support of two children, and has monthly expenses of $3,944. (Id.).

Under 28 U.S.C. § 1915(a) (2012), a district court has discretion to grant or deny an application for in forma pauperis status. The in forma pauperis statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. See Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, an affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. Id. In light of Robertson's current employment and substantial income, the Court concludes that he is not impoverished for purposes of waiving the civil filing fee and granting indigency status under 28 U.S.C. § 1915. The Court, therefore, will deny Robertson's

Motion for Leave to Proceed in Forma Pauperis. But the Court will order that Robertson pay a partial filing fee: $200.

For the foregoing reasons, it is this 21st day of April, 2017, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Robertson's Motion for Preliminary Injunction (ECF No. 2) IS DENIED;

2. Robertson's Motion for Leave to Proceed In Forma Pauperis (ECF No. 4) IS DENIED; and

3. Plaintiff SHALL REMIT the partial filing fee payment of $200 WITHIN TWENTY-EIGHT (28) DAYS from the entry date of this Order. He is cautioned that his failure to remit the fee with the Clerk in a timely manner will result in the dismissal of his case without prejudice and without further notice.

/s/
_____
George L. Russell, III
United States District Judge